UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CV-532-BO

| | |
|---|---|
| JAMES LEMAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| BRIDGESTONE BANDAG, LLC, and ) | |
| BRIDGESTONE AMERICAS, INC., an ) | |
| Iowa Corporation, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons below, Defendants' Motion is GRANTED IN PART and DENIED IN PART.

BACKGROUND

Plaintiff, James Lemay, has worked for Defendant Bridgestone Bandag, LLC ("Bandag") and its predecessor for nearly 20 years, and remains employed with Bandag as a Banbury Operator in their Oxford, North Carolina facility. Plaintiff's claims all emanate from a September 2004 incident, where he was injured while working at the Oxford plant. The injury resulted in the partial amputation of several fingers. Plaintiff's Complaint alleges that he has a physical disability, including constant weakness and pain in his hand, and that he has requested accommodations from Defendants. Plaintiff alleges Defendants have refused to transfer him to another position or otherwise accommodate his disability, while allowing reasonable accommodations for white employees.

On February 5, 2009, Plaintiff filed an administrative charge with the EEOC. His charge alleged disability discrimination under the Americans with Disabilities Act ("ADA") and the ADA Amendments Act, 42 U.S.C. § 12101, et. seq. On September 9, 2009, the EEOC issued Plaintiff a Right to Sue letter. Plaintiff filed a Complaint with this Court on December 9, 2009.

DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Though specificity is not required, a complaint must allege enough facts to state a claim to relief that is facially plausible. *Bell Atlantic Corp. v. Twombly,* 125 S.Ct. 1955, 1965 (2007). If the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible," the "complaint must be dismissed." *Id.* at 1973.

Title VII Claims

Before filing a complaint in federal court, a Title VII plaintiff is required to exhaust his administrative remedies by filing a predicate charge with the EEOC. *Chacko v. Patuxent Inst.*, 429 F.3d 505, 506 (4th Cir. 2005); *Brown v. Inst. for Family Centered Serv., Inc.*, 394 F. Supp. 2d 724, 728 (M.D.N.C. 2005). The form and nature of such a charge "fixe[s] the scope of the charging party's subsequent right to institute a civil suit." *King v. Seaboard Coast Line R.R.*, 538 F.2d 581, 583 (4th Cir. 1976).

As Plaintiff acknowledges, his complaint with the EEOC only alleged disability discrimination claims: "I believe that I was discriminated against in violation of the ADA and the

ADAAA." Plaintiff is generally limited to the factual statements made in his administrative filing. Plaintiff did not set forth any facts to suggest race discrimination was a part of his EEOC charge. He only made allegations under the ADA. "The crucial element of a charge of discrimination is the factual statement contained therein." *Chacko*, 429 F. 3d at 510 (*quoting Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir. 2002)). Plaintiff also did not check the box alleging racial discrimination, which would also indicate the breadth of his Title VII allegations. Plaintiff checked only the disability box on his charge. *See Chacko,* 429 F. 3d at 511 (discussing *Sloop v. Mem'l Mission Hosp., Inc.*, 198 F.3d 147, 149 (4th Cir. 1999) ("plaintiff's failure to mark any of the boxes for Title VII discrimination supported the conclusion that her administrative charge did not encompass a Title VII retaliation claim").

Even though Plaintiff's ADA charge involved incidents that occurred during the same time period and involved the same actors as his new race discrimination claims, that does not open the door entirely to any type of claim under Title VII if he did not procedurally pursue them with the EEOC. His Title VII race discrimination claim is beyond the scope of his predicate administrative charge, and are procedurally barred. *See Chacko*, 429 F.3d at 509 ("[T]he plaintiff's claim generally will be barred if his charge alleges discrimination on one basis – such as race – and he introduces another basis in formal litigation – such as sex."); *Evans v. Techs. Applications & Serv. Co.,* 80 F.3d 954, 962-63 (4th Cir. 1996). Plaintiff's ADA claims were not obviously claims of racial discrimination as well. If Plaintiff wished to pursue such race discrimination claims, he was required to include them in a timely-filed EEOC charge. Accordingly, Defendants' Motion to Dismiss the Title VII race discrimination claim is GRANTED.

The same cannot be said for Plaintiff's retaliation claim. The factual basis for this claim occurred as a result of Plaintiff's EEOC filing. Plaintiff had no factual basis to include this charge in his complaint with the EEOC, but a reasonable investigation would have brought this new charge to light. Claims "developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." *Chacko*, 429 F.3d at 506 (4th Cir. 2005), *quoting Evans*, 80 F.3d at 963. An EEOC charge is "enlarged only by such EEOC investigation as reasonably proceeds therefrom, [and fixes] the scope of the charging party's subsequent right to institute a civil suit. The suit filed may encompass only the "discrimination stated in the charge itself or developed in the course of a reasonable investigation of that charge." *King v. Seaboard Coast Line R. Co.*, 538 F.2d 581, 583 (4th Cir. 1976) *quoting Equal Employment Opportunity Commission v. General Electric*, 532 F.2d 359, 365 (4th Cir. 1976). Accordingly, Defendants' Motion to Dismiss the retaliation claim is DENIED.

<u>42 U.S.C. § 1981</u>

To state a cause of action under § 1981, a plaintiff must plead facts demonstrating: (1) that plaintiff is a member of a racial minority; (2) that there was intent to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute. *See e.g., Pena v. Porter*, 316 Fed. Appx. 303, 316 (4th Cir. Mar. 13, 2009); *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993).

The parties do not dispute that Plaintiff is a member of a racial minority. His Complaint also sufficiently alleges possible disparate treatment between how he was treated compared to white employees at the plant. Specifically, Plaintiff alleges in his Complaint that his "disability warrants a reasonable accommodation, which Defendant Bridgestone has consistently denied

4

Plaintiff, despite continually offering reasonable accommodations to white employees." *See* Complaint ¶ 16. Plaintiff also alleged that he was forced to change his break time to accommodate white employees; that there were white employees with less limitations given reasonable accommodations; and that white employees have had greater choice in the positions they hold without having to take a pay cut. Plaintiff has stated a claim pursuant to § 1981. Therefore, Defendant's Motion to Dismiss is DENIED.

North Carolina Equal Employment Practice Act ("NCEEPA")

North Carolina courts have not recognized a private cause of action under the NCEEPA. *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000)(finding, no private right of action existed under the NCEEPA, affirmed district court's granting of summary judgment against plaintiff making sexual harassment under the NCEEPA). Courts have only allowed plaintiffs making a claim for a common law tort action, such as wrongful discharge, to base their claim on the NCEEPA. *Hughs v. Bedsole*, 48 F.3d 1376, 1383-84 (4th Cir. 1995)(applying the NCEEPA to common law wrongful discharge claim). Otherwise, no private right of action has been recognized. *Id.*

Here, Plaintiff brings a claim of discrimination pursuant to the NCEEPA. Given that no discrimination tort existed at common law and that a private right of action has not been recognized under the NCEEPA, Plaintiff's claim cannot survive. Accordingly, Defendant's Motion to Dismiss this claim is GRANTED.

Intentional Infliction of Emotional Distress ("IIED")

The necessary elements of an IIED claim are: (1) extreme and outrageous conduct (2) which is intended to and does in fact cause (3) severe emotional distress. *Bratcher v. Pharm.*

5

*Prod. Dev., Inc.*, 545 F. Supp. 2d 533, 544. Whether the alleged conduct is potentially extreme and outrageous enough is a question of law for the trial court. *Guthrie v. Conroy*, 567 S.E.2d 403, 408 (N.C. App. 2002). Notably, in the employment context, "North Carolina courts have been extremely reluctant to find actionable IIED claims in the employment context . . . ." *Bratcher*, 545 F. Supp.2d at 544-45 (*quoting Efird v. Riley*, 342 F. Supp.2d. 413, 427). In North Carolina, conduct is extreme and outrageous only when it is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* at 544 (citation omitted).

In *Waddle v. Sparks*, 414 S.E.2d 22 (N.C. 1992), the North Carolina Supreme Court adopted the following standard for IIED: "the term 'severe emotional distress' means any emotional or mental disorder, such as, for example, neurosis, psychosis, chronic depression, phobia, or any other type of severe and disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so." *Id.* at 27 (citation omitted). Plaintiff has alleged discomfort and weakness while performing his job, resulting from his injury. He also contends that the alleged continued denial of a reasonable accommodation has taken an emotional toll. However, these vague allegations, even if true, do not meet the standard set forth by the North Carolina Supreme Court to articulate an IIED claim under North Carolina law. *See, e.g., Id.* at 27-28. Therefore, Defendants' Motion to Dismiss the IIED claim is GRANTED.

## CONCLUSION

Accordingly, Defendants' Motion to Dismiss is GRANTED IN PART. Plaintiff's race discrimination claim pursuant to Title VII, his claim pursuant to the North Carolina Equal

Employment Practice Act, and his Intentional Infliction of Emotional Distress claims are DISMISSED. Defendants' Motion to Dismiss is DENIED IN PART. Plaintiff's remaining claims include his race discrimination claim pursuant to 42 U.S.C. § 1981; and his retaliation claim. Plaintiff's claim pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, et. seq. was not challenged in Defendants' Motion to Dismiss and remains his lead claim.

SO ORDERED.

This __ day of June, 2010.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE